Rel: July 31, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2026-0053

_____

**Ex parte DeCharla Blackburn**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Alavest, LLC**

**v.**

**DeCharla D. Blackburn)**

**(Madison Circuit Court: CV-23-900045)**

BOWDEN, Judge.

DeCharla Blackburn has filed a petition for the writ of mandamus, asking this court to compel the circuit clerk of Madison County to accept

and file Blackburn's pleadings and other court papers with the Madison Circuit Court. For the reasons stated below, we deny the petition.

<u>Background</u>

This case concerns the propriety of the circuit court's actions taken pursuant to a "vexatious-filer order" that limited the future filings of a litigant.[1]

---

[1]"Vexatious: … without reasonable or probable cause or excuse; harassing; annoying." <u>Black's Law Dictionary</u> 1882 (12th ed. 2024). Alabama has not yet codified or specifically defined the term "vexatious filer." However, many states have taken steps to address the issue and have enacted a statutory definition of a litigant who files unnecessary and repetitive pleadings. <u>See</u> Elissa Jacob, <u>Weaponized Courts: The Need for Uniform Vexatious Litigant Law Reform</u>, 28 N.Y.U. J. Legis. & Pub. Pol'y 65, 116 (2026)(compiling statutes). For example, Texas includes in its definition of a vexatious litigant a plaintiff who, after a suit has been finally decided, continues to repeatedly relitigate, <u>pro se</u>, either

"(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

"(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined …."

Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).

The materials provided to us by Blackburn indicate that, after suffering a default judgment entered against her in an ejectment action, she has filed multiple motions, notices, appeals, and the like to have the default judgment set aside. Those filings include purported removal petitions to federal court and an appeal to the Alabama Supreme Court. On or about March 15, 2024, the Alabama Supreme Court affirmed the circuit court's default judgment without issuing an opinion. Ordinarily, that would signal the end of litigation in the courts of this state. Hardly.

Since that ruling by the supreme court, Blackburn has inundated the circuit court with various pleadings, some directed at the default judgment entered against her and some not. Those filings take up almost three pages of the lengthy case-action-summary sheet for the underlying matter and include a demand for a jury trial, a motion for a "void judgment," a motion for reconsideration, and a motion for the circuit-court judge to recuse herself from the case.

In her mandamus petition, Blackburn alleges that her application to utilize the "AlaFile" court-filing system was denied without cause and that the circuit clerk refused to accept and docket any further pleadings

and papers from her. In an affidavit included with her mandamus petition, Blackburn described the situation:

"I, DeCharla D. Blackburn, being duly sworn, state the following based on my personal knowledge:

"On December 18, 2025, I appeared in person at the Madison County Circuit Clerk's Office, 8th Floor to file court documents in Case No. 47-CV-2023-900045.00.

"1. I tendered the following filings for acceptance and docketing:

"a. Motion to Correct Party Designation and Strike Improperly Named Party; and

"b. Procedural Protection & Access-to-Court Enforcement Package.

"2. A clerk who identified herself as 'Sharon' refused to accept the filings.

"3. Sharon stated that she was the clerk of court and the case was 'closed' and that I could not file anything further.

"4. Sharon further stated that no filings would be accepted or docketed without prior approval of Judge Donna S. Pate.

"5. Sharon refused to:

"a. Accept the filings;

"b. Docket the filings;

"c. Date-stamp my copies;

4

"d. Sign or acknowledge an affidavit of receipt.

"6. At the time of refusal, no order dismissing the case, striking pleadings, or prohibiting further filings had been entered or served upon Defendant ...."

Blackburn has included with her mandamus petition copies of multiple additional pleadings that she claims she attempted to file with the circuit-court clerk. It would be impractical to summarize those pleadings in a way that would be helpful. Many do not follow the style of traditional pleadings, are directed at collateral issues, and attempt to address unrelated matters. For example, Blackburn claims that she attempted to file a "Judicial Notice of Clerk's Failure to Docket Required Filings." It can be stated, without citation, that it is the court that takes "judicial notice" of facts, not the litigants.

At any rate, there are multiple pleadings and motions in the appendix to the mandamus petition that Blackburn alleges she was not allowed to file with the circuit court. Her claim that she has been unsuccessful in filing those pleadings and motions appears to have some validity because many of the documents included in the appendix to the petition contain a date stamp from the circuit clerk of Madison County of

5

"DEC 11 2025," but there are no corresponding entries on the case-action-summary sheet for that date. And, as noted above, Blackburn swore in her affidavit that she was blocked from filing certain papers with the circuit court and that she was told "no filings would be accepted or docketed without prior approval of Judge Donna S. Pate."

Judge Pate filed a response to Blackburn's mandamus petition. In her response, Judge Pate informs us that Blackburn filed a second lawsuit concerning the same issues raised in the case now before this court, which was assigned case number 47-CV-2025-101. Because of Blackburn's prolific filings, Judge Pate entered an order in the second lawsuit on August 12, 2025, placing limits on Blackburn's ability to commence future lawsuits, as well as limiting her ability to file documents in any case to which she is a party. As noted, the order was entered on August 12, 2025, four months before Blackburn's alleged attempts to file documents in the circuit court in this case. Thus, at the time Blackburn was attempting to file documents in the underlying case, the vexatious-filer order restricted her ability to do so.[2]

---

[2]We note that Blackburn did not include a copy of the vexatious-filer order entered by the circuit court in case number 47-CV-2025-101 with her mandamus petition or reference it in her argument. She alleges

6

Therefore, we proceed to analyze whether Blackburn is entitled to mandamus relief in this case. In doing so, the relevant inquiry is whether the circuit court exceeded its discretion by limiting Blackburn's ability to file documents in the underlying case pursuant to the vexatious-filer order.

## Standard of Review

It is well settled under Alabama law that

"'[a] writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: "'(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"'"

Ex parte Hood, 401 So. 3d 251, 255-56 (Ala. 2024) (quoting Ex parte Alabama Dep't of Corr., 252 So. 3d 635, 636 (Ala. 2017), quoting in turn Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003), quoting in turn Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001)). This court has previously recognized that mandamus relief is available to a party seeking an order compelling the performance of ministerial duties associated with a case commenced in circuit court. See Ex parte Allison,

___

in her petition that "no order dismissing the case, striking pleadings, or prohibiting further filings had been entered or served upon Defendant ...."

238 So. 3d 1260, 1262 (Ala. Civ. App. 2017) ("The husband … demonstrated a clear legal right to have his divorce complaint served on the wife," so this court ordered "the trial court to instruct the clerk to serve the divorce complaint on the wife.").

Analysis

The Alabama Constitution provides that state courts shall remain "open" to the populace. "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." Ala. Const. 2022, Art. 1, § 13. This right has been further codified by Ala. Code 1975, § 12-11-4, which states that "[t]he circuit courts of the several counties of the state shall be open for the transaction of any and all business or judicial proceedings of every kind at all times." In ruling that a court fee did not impinge on this constitutional right to "open courts," the Alabama Supreme Court said:

> "It is equally obvious, that this [court fee] does not violate section 14 of the Declaration of Rights, providing that the courts shall be open, and 'right and justice shall be administered, without sale, denial, or delay.' It is certainly no sale of justice. This clause is known to have been taken in substance from Magna Charta; and history shows that its

chief purpose was to assail the existing evil of anciently holding courts in clandestine sessions, and of paying fines to the king and his officers, for delaying or expediting law-suits, <u>and for obtaining justice</u>."

<u>Swann v. Kidd</u>, 79 Ala. 431, 432 (1885) (emphasis added).

This principle has been specifically extended to civil matters by the Alabama Rules of Civil Procedure, which provide that "[t]he circuit courts shall be deemed always open for the purpose of filing any pleading or other proper paper." Rule 77(a), Ala. R. Civ. P. Furthermore, "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court ...." Rule 5(e), Ala. R. Civ. P. Finally, "[t]he clerk shall not refuse to accept for filing any document presented for that purpose solely because it is not presented in proper form as required by these rules." <u>Id.</u>

> "As early as 1909, [our supreme court] recognized that a filer cannot be prejudiced by the clerk's failure to 'do their part' once a document has been delivered to the clerk's office for filing. In <u>Falley v. Falley</u>, 163 Ala. 626, 50 So. 894 (1909), the Supreme Court stated:
>
> > "'[A] paper was filed when it was delivered to the proper official charged with the duty of filing the paper and with making the appropriate indorsement thereon. It is evident that the act of affixing the proper indorsement on the paper is a duty to be performed by the officer, and with a failure of the officer to seasonably and properly indorse the paper the party delivering it cannot be

> prejudiced. <u>He has done all that is required when he delivers the paper to the proper official</u>.'

"163 Ala. at 628, 50 So. at 895 (emphasis added)."

<u>Ex parte G.L.C.</u>, 281 So. 3d 401, 407 (Ala. 2018).

Of course, the requirement that the courts be open is meaningless if a litigant is prohibited from filing pleadings and papers with the court. <u>See</u> <u>Vest v. Vest</u>, 978 So. 2d 759, 763 (Ala. Civ. App. 2006) (plurality opinion)("[T]he trial court, by limiting the wife's ability to seek postjudgment relief to a period of 45 days following the entry of the divorce judgment, improperly purported to limit the wife's access to the courts in violation of Art. 1, § 13, Ala. Const. of 1901.").

The rights of a litigant to file matters with a trial court is not without limits. Voluminous, repetitive, and irrelevant pleadings overburden the justice system and often amount to little more than a legal "temper tantrum." However, limiting such vexatious filings must be balanced against the bedrock principles described above, which require the courts to remain open to the citizenry. The United States District Court for the Northern District of Alabama, describing the problem, has stated:

> "Although a plaintiff may not 'be completely foreclosed from any access to the court,' <u>Procup v. Strickland</u>, 792 F.2d

10

> 1069, 1074 (11th Cir. 1986), his right to a judicial forum is nevertheless 'neither absolute nor unconditional,' <u>Miller v. Donald</u>, 541 F.3d 1091, 1096 (11th Cir. 2008) (citing <u>Cofield v. Ala. Pub. Serv. Comm'n</u>, 936 F.2d 512, 516 (11th Cir. 1991)). Because '[f]rivolous and vexatious lawsuits' clog the judicial machinery and 'threaten the availability of a well-functioning judiciary to all litigants,' a district court may impose restrictions on a person's access to conserve its resources and safeguard the right for the general public. <u>Miller</u>, 541 F.3d at 1096."

<u>O'Neal v. Allstate Indem. Ins. Co.</u>, 505 F. Supp. 3d 1193, 1207 (N.D. Ala. 2020).

The Alabama Court of Criminal Appeals addressed the issue of an order limiting a defendant's access to the courts in <u>Ex parte Magouirk</u>, 804 So. 2d 308 (Ala. Crim. App. 2000). In that case, Magouirk filed a petition for the writ of mandamus, asking the court to set aside a circuit court's order prohibiting Magouirk from filing any "future postconviction petitions in the Calhoun County Circuit Court that relate to his case in that court." <u>Magouirk</u>, 804 So. 2d at 309. After reviewing the challenged order, the court quoted the following language from <u>Peoples v. State</u>, 531 So. 2d 323, 326 (Ala. Crim. App. 1988):

> "'The order of the circuit court enjoining the petitioner from filing <u>any</u> motion or pleading with regard to any of his three cases is overbroad. See generally, L. Yackle, <u>Postconviction Remedies</u> §

11

155 (1981), Cumulative Supplement (February 1988).

"'"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of "adequate, effective, and meaningful" access to the courts. Bounds, 430 U.S. at 822, 97 S. Ct. at 1495. "[L]itigiousness alone will not support an injunction against a plaintiff, ... and ... the use of such measures against a pro se plaintiff should be approached with caution." Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S. Ct. 96, 66 L. Ed. 2d 34 (1980). "Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." In re Oliver, 682 F.2d 443, 446 (3rd Cir. 1982).'

"See also Ex parte Coleman, 728 So. 2d 703 (Ala. Crim. App. 1998) and White v. State, 695 So.2d 241 (Ala. Crim. App. 1996). We conclude that Judge Gullahorn's order is overbroad and completely denies Magouirk's access to the courts."

Magouirk, 804 So. 2d at 310.

This court reached a similar conclusion in Ex parte Montgomery County Department of Human Resources, 982 So. 2d 527 (Ala. Civ. App. 2007). In Montgomery, this court held that an injunction against filing pleadings and the like must be "'"'carefully tailored'"'" to the circumstances of the case," 982 So. 2d at 543 (citations omitted), and

12

suggested that the court consider whether the filer has a history of "frivolous" or "repetitive" filings. Id.

A trial-court judge is not helpless to act when confronted with a vexatious filer. As the court noted in Magouirk, an order enjoining a litigant from future filings is allowed. However, it must contain terms that safeguard the litigant's "'"meaningful access" to the courts.'" Magouirk, 804 So. 2d at 310 (citations omitted). By way of example only, the Magouirk court noted that page limitations and a requirement that the litigant seek leave of court before filing a new pleading or paper are two acceptable conditions that could be placed on a litigant. Id. at 311. The trial court in O'Neal also listed certain restrictions, including a requirement, similar to Fed. R. Civ. P. 11, that all pleadings be

> "accompanied by an affidavit or unsworn declaration under 28 U.S.C. § 1746 that attests to the necessity for filing, certifies that the document is submitted in good faith, and indicates the names of those persons upon whom the document is to be served and the address at which service will be made."

505 F. Supp. 3d at 1209. And, of course, a trial court may use its contempt powers to first warn and then punish violations of a court order prohibiting repetitive or frivolous pleadings and motions. In summary, a trial-court judge clearly has the authority to issue an order that limits

both the content and volume of the pleadings filed. However, such an order must be based on a history of vexatious filings, must be narrowly tailored to meet the circumstances of the case, and may not be a blanket prohibition against all filings. With those principles in mind, we turn to the order Judge Pate entered.

In her 14-page vexatious-filer order, Judge Pate went to great pains to document Blackburn's history of voluminous, repetitive, and unnecessary filings in this case as well as in case number 47-CV-2025-101. The vexatious-filer order also references one other state-court action and three federal lawsuits Blackburn commenced -- all ostensibly dealing with the same subject matter and defendants. Those findings support Judge Pate's conclusion that Blackburn has a history of vexatious filings. To address the problem, Judge Pate applied the following restrictions to Blackburn's future legal filings:

> "1. DeCharla Blackburn is permanently ENJOINED from filing any new lawsuit in the Circuit Court of Madison County, Alabama or filing any document in any case in the Circuit Court of Madison County, Alabama to which she is a party without first obtaining the Court's permission to file. To obtain the Court's permission to file, Ms. Blackburn SHALL first submit to the Court:
>
> > "a. A copy of the proposed complaint or document to be filed.

14

"b. A 'Motion Pursuant to Vexatious Litigant Order for Leave to File,' which must include as exhibits:

"i. A copy of this Order.

"ii. A sworn affidavit certifying that:

"A. The complaint or document raises a new issue which has never been previously raised by her in this or any other court;

"B. The claims asserted in the complaint or document are not frivolous; and

"C. The complaint or document is filed in good faith.

"c. A statement that lists:

"i. The full caption of every lawsuit previously filed by her or on her behalf in any court against every defendant named in any new suit she wishes to file; and

"ii. The full caption of every suit currently pending to which she is a party."

The vexatious-filer order goes on to instruct the circuit-court clerk to reject any proposed filings that fail to comply with the order.

It is clear from the language used in the vexatious-filer order that it would affect only the unnecessary and repetitive filings that have become Blackburn's modus operandi. The restrictions applied only to court actions in Madison County. The vexatious-filer order also provided a procedure by which Blackburn could obtain preapproval to file relevant and necessary documents in her cases. And, most importantly, Blackburn was not completely cut off or denied access to the courts. Thus, the vexatious-filer order is a lawful restraint on Blackburn's ability to file pleadings and papers in Madison County, and the circuit court did not exceed its discretion by limiting Blackburn's ability to file documents in the underlying case pursuant to that order.

<u>Conclusion</u>

Blackburn has a well-documented history of vexatious filing in Madison County. To address that untenable situation, Judge Pate entered a sound and workable vexatious-filer order that protects the court system from abuse while preserving Blackburn's ultimate access to that court system. Accordingly, the circuit court did not exceed its discretion by limiting Blackburn's ability to file documents in the

underlying case pursuant to the vexatious-filer order. Therefore, we deny Blackburn's mandamus petition.

PETITION DENIED.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, P.J., concurs in the result, without opinion.